## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE


United States of America

    v.                                 Case No. 07-cr-091-01-SM

Juan Evaristo Sanchez-Noboa


## O R D E R

The defendant, Juan Evaristo Sanchez-Noboa, moved for a sentence reduction based upon the cocaine base ("crack cocaine") amendments to the Federal Sentencing Guidelines implementing the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("2010 Fair Sentencing Act") (document no. 41). For the reasons stated below, the motion to reduce sentence is DENIED.

On August 3, 2010, Congress enacted the 2010 Fair Sentencing Act to restore fairness to crack cocaine sentences. Specifically, the 2010 Fair Sentencing Act increased the threshold quantity of crack cocaine for certain base offense levels listed in the Drug Quantity Table in §2D1.1, eliminated the mandatory minimum sentence for simple possession of crack cocaine, and directed the United States Sentencing Commission ("Commission") to review and amend the sentencing guidelines to

account for specified aggravating and mitigating circumstances in certain drug cases.

Pursuant to the directive in the 2010 Fair Sentencing Act, the Commission promulgated a temporary, emergency amendment implementing the Act effective November 1, 2010. *See* United States Sentencing Commission, *Supplement to the 2010 Guidelines Manual* (Nov. 1, 2010). On April 6, 2011, the Commission re-promulgated as permanent the temporary, emergency amendment and, pursuant to 28 U.S.C. §994(p), submitted Amendment 750 for congressional review on April 28, 2011.

On June 30, 2011, the Commission voted to add Parts A and C of Amendment 750 to §1B1.10(c), which identifies those amendments to the Federal Sentencing Guidelines that may be considered for retroactive application pursuant to 28 U.S.C. §994(u). Part A amended the Drug Quantity Table in §2D1.1 for crack cocaine offenses and made related revisions to Application Note 10 to §2D1.1. Part C deleted the cross reference in §2D2.1(b) under which an offender who possessed more than five (5) grams of crack cocaine was sentenced under §2D1.1. On November 1, 2011, the amendment to §1B1.10 took effect, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the

retroactive application of Parts A and C of Amendment 750 were authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which he is presently incarcerated, the defendant is not eligible to seek a reduced sentence under this amendment.

On April 29, 2008, the defendant pled guilty to the following:  Distribution of Cocaine Base and Cocaine in Excess of 5 Grams, Distribution of Cocaine Base in Excess of 5 Grams, Distribution of Cocaine, and Re-entry After Deportation.  Based on the offenses and quantities of drugs involved and after various adjustments to the base offense level, the defendant's total offense level was 28 and his advisory guideline range was 87 to 108 months.  Because the defendant was subject to a statutory minimum mandatory ten (10) year penalty on the Distribution of Cocaine Base charge, however, the statutory guideline range became 120 months pursuant to USSG § 5G1.1(b). The defendant was sentenced to a 120 months on each count, with all terms to be served concurrently.

On this record, the defendant is not entitled to a sentence reduction based on the retroactive application of the crack cocaine amendment.  In short, if the defendant was not subject to

the statutory minimum mandatory ten (10) year sentence, the application of the crack cocaine base amendment in this case would have reduced his total offense level from 30 to 26. In this case, however, the defendant was sentenced pursuant to the statutory minimum mandatory ten (10) year penalty provision. The policy statement governing retroactive application of the guideline amendment, USSG § 1B1.10, does not authorize a reduction in statutory minimum penalties. As a result, because the retroactive crack base guideline amendment has no application to the statutory provision for which the defendant was sentenced, the amendment has no impact on his sentence.

Therefore, because the defendant received a minimum mandatory sentence, he is not eligible for a further reduction of his sentence based upon the crack cocaine base amendment. Thus, defendant's motion to reduce sentence (document no. 41) is DENIED.

**SO ORDERED.**


Date: December 14, 2011

/s/ Steven J. McAuliffe
_____
Steven J. McAuliffe
United States District Judge


cc: Juan Evaristo Sanchez-Noboa, pro se
    Counsel of Record